IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JESUS MANUEL URIAS, | |
| Plaintiff, | |
| v. | 2:25-CV-088-Z-BR |
| MARTIN BIRKENFELD, *et al.*, | |
| Defendants. | |

## ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Before the Court are the Findings, Conclusions and Recommendations ("FCR") of the United States Magistrate Judge to dismiss this case in part pursuant to 28 U.S.C. Section 1915(e)(2)(B). ECF No. 12. An Objection to the FCR has been filed. ECF No. 14. After making an independent review of the pleadings, files, and records in this case, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge is **ADOPTED** and the following claims are **DISMISSED with prejudice** pursuant to 28 U.S.C. Section 1915: (1) all claims against Defendant Martin Birkenfeld, and (2) the claim for monetary damages against Defendant Tysen Auldridge in his official capacity.

### LEGAL STANDARD

A party may serve and file objections to a non-dispositive magistrate judge's order "within 14 days after being served with a copy." FED. R. CIV. P. 72(a). For these timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the fourteen-day period, the Court reviews the Magistrate

Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

ANALYSIS

Plaintiff has filed an Objection to the Magistrate's FCR. ECF No. 14. Plaintiff's Objection is untimely, as it was not filed within the applicable fourteen-day period set by the Federal Rules of Civil Procedure. FED. R. CIV. P. 72. Accordingly, the Court reviews the Magistrate's FCR only for plain error. *Serrano*, 975 F.3d at 502.

Plaintiff does not appear to make any specific objections to the Magistrate Judge's FCR. *See generally* ECF No. 14 (stating only that he would "like to let the court's know that . . . on this day 10-23-25 I was called to the mail room to received this mail"). Objections to the FCR must be "specific" and "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Where a party objecting to the FCR fails to assert specific objections, the district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Just so here. Because Plaintiff's statements fail to assert specific objections and do not indicate that the Magistrate's FCR demonstrates plain error, Plaintiff's Objection is **OVERRULED**.

CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge is **ADOPTED** and the following claims are **DISMISSED with prejudice** pursuant to 28 U.S.C. Section 1915: (1) all claims against Defendant Martin Birkenfeld, and (2) the claim for monetary damages against Defendant Tysen Auldridge in his official capacity.

**SO ORDERED.**

November 4, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE