IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JESUS MANUEL URIAS,

      Plaintiff,

v.                                                                            2:25-CV-088-Z-BR

TYSEN AULDRIDGE,

      Defendant.

## ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to grant Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 27. An Objection to the FCR has been filed. ECF No.28. After making an independent review of the pleadings, files, and records in this case, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 27) is **ADOPTED** and Defendant's Motion to Dismiss (ECF No. 21) is **GRANTED**.

### LEGAL STANDARD

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). For timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the fourteen-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

ANALYSIS

The Magistrate Judge filed her FCR on April 20, 2026. ECF No. 27. Plaintiff filed his Objection fourteen days later. ECF No. 28. Because Plaintiff's Objection was timely, this Court reviews de novo any part of the Magistrate's disposition "that has been *properly* objected to." FED. R. CIV. P. 72(b)(3) (emphasis added).

Plaintiff does not appear to make any specific objections to the Magistrate Judge's FCR. Instead, he just states that he disagrees without noting any specific legal or factual disagreements. *See generally* ECF No. 28 ("I Jesus Urias hereby want to [protest] and not agree with the Statutes that I have read . . . I do not agree with the laws that I'm reading"). Objections to the FCR must be "specific" and "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Where a party objecting to the FCR fails to assert specific objections, the district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Just so here. Because Plaintiff's statements fail to assert specific objections, Plaintiff's Objection is **OVERRULED**.

Plaintiff also seems to request an extension of time to file further written objections to the FCR. ECF No. 28 ("I wish to prolong the case . . . and I want this lawsuit to stay active."). Plaintiff supports his request with nothing more than a statement that he "want[s] this lawsuit to stay active" until his release from custody. ECF No. 28. This case has already been pending for over a year. Plaintiff has had a full and fair opportunity to litigate the case, including an opportunity to respond to the Motion to Dismiss now under decision, which he declined to do. *See* ECF No. 25 (*sua sponte* extending Plaintiff's deadline to respond to the Motion to Dismiss). Granting his current request would necessarily further delay resolution of a motion that has been pending for over four months. The Court has discretion whether to grant extensions. *See* FED. R. CIV. P. 6(b)(1). It declines to grant an extension here. To the

extent Plaintiff's Objection requests an extension to file further objections, that request is **DENIED**.

CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct following de novo review. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 27) is **ADOPTED** and Defendant's Motion to Dismiss (ECF No. 21) is **GRANTED**. Urias's claims against Defendant are **DISMISSED WITH PREJUDICE** until the conditions of *Heck* are met. The Clerk of the Court is **DIRECTED** to conform the docket by updating Plaintiff's address pursuant to ECF No. 29, and to send a copy of this order to Plaintiff at his updated address.

**SO ORDERED.**

May __14__, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE